UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA B. GRICE, | ) |
|     Plaintiff, | ) Civil action No: 2:12-CV-02873- EEF-KWR |
| v. | ) |
| ISI ALARMS NC, INC. and TRANS UNION, LLC, | ) |
|     Defendants. | ) |

## ANSWER

NOW COMES Defendant ISI Alarms NC, Inc. ("ISI"), through counsel, and makes a limited appearance to respond to Plaintiff's Complaint:

### FIRST DEFENSE
### (Assumption of Risk)

Plaintiff should have known or should have reasonably determined that, by giving her father real or apparent authority to act on her behalf, her personal information would be disclosed without her knowledge, which is pleaded as a complete defense to this action.

### SECOND DEFENSE
### (Contributory Negligence)

Plaintiff, by her own negligence, contributed to the damages claimed in the Complaint by giving her father real or apparent authority to act on her behalf and, therefore, such negligence is pleaded as a complete bar to recovery.

## THIRD DEFENSE
### (Estoppel)

Defendant ISI moves this Court to dismiss Plaintiff's Complaint on the grounds that Plaintiff gave her father real or apparent authority to act on her behalf and is estopped from now complaining about the consequences of his actions.

## FOURTH DEFENSE
### (General)

Defendant ISI reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend their answer to assert such affirmative defenses.

## FIFTH DEFENSE
### (Answer)

1. Defendant ISI confirms that paragraph 1 summarizes the allegations of this action.

2. Defendant ISI admits the allegations of paragraph 2.

3. Defendant ISI admits that Plaintiff is a consumer as defined by FCRA, 15 U.S.C. § 1681(a). Defendant ISI is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 3 and, therefore, these allegations are denied.

4. Defendant ISI admits that it is a NC Corporation. Except as expressly admitted, the allegations of paragraph 4 are denied.

5. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 5 and, therefore, these allegations are denied.

6. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 6 and, therefore, these allegations are denied.

7. Defendant ISI admits having contact with Mr. Bennett. Except as expressly admitted, the allegations of paragraph 7 are denied.

8. Defendant ISI admits installing an alarm system on the property. The documents speak for themselves. Except as expressly admitted, the allegations of paragraph 8 are denied.

9. Defendant ISI admits being advised that Mr. Bennett did not own the property. Except as expressly admitted, the allegations of paragraph 9 are denied.

10. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 10 and, therefore, these allegations are denied.

11. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 11 and, therefore, these allegations are denied.

12. Defendant ISI admits receiving telephone calls from Plaintiff Grice (Maggio) and that representatives of the company spoke with her. Except as expressly admitted, the allegations of paragraph 12 are denied.

13. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 13 and, therefore, these allegations are denied.

14. Defendant ISI admits to repairing the system at 19317 Rolling Pines Road, Amite, Louisiana. Defendant ISI is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations and, therefore, except as expressly admitted, the remaining allegations of paragraph 14 are denied.

15. Defendant ISI admits that monitoring agreements are transferred to Monitronics. Defendant ISI is without sufficient knowledge to form a belief as to the

truth or falsity of the remaining allegations and, therefore, except as expressly admitted, the remaining allegations of paragraph 15 are denied.

16. The documents speak for themselves. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 16 and, therefore, these allegations are denied.

17. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 17 and, therefore, these allegations are denied.

18. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 18 and, therefore, these allegations are denied.

19. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 19 and, therefore, these allegations are denied.

20. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 20 and, therefore, these allegations are denied.

21. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 21 and, therefore, these allegations are denied.

22. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 22 and, therefore, these allegations are denied.

23. Defendant ISI is without sufficient information to form a belief as to communication between Plaintiff and Roubique or the Time-Warner response to a subpoena. Defendant ISI admits that communication took place between Waller and Roubique. Except as expressly admitted, the remaining allegations of paragraph 23 are denied.

24. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 24 and, therefore, these allegations are denied.

25. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 25 and, therefore, these allegations are denied.

26. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 26 and, therefore, these allegations are denied.

27. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 27 and, therefore, these allegations are denied.

28. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 28 and, therefore, these allegations are denied.

29. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 29 and, therefore, these allegations are denied.

30. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

31. The allegations of paragraph 31 represent a summary of the referenced statute, which speaks for itself and therefore no response is required. To the extent a response is required, this allegation is denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 constitute a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

34. The allegations of paragraph 34 represent a summary of the referenced statute, which speaks for itself and therefore no response is required. To the extent a response is required, this allegation is denied

35. The allegations of paragraph 35 constitute a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

36. The allegations of paragraph 36 represent a statement of intention and, therefore, no response is required. To the extent a response is required, this allegation is denied.

37. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

38. The allegations of paragraph 38 represent a summary of the referenced case, which speaks for itself and, therefore, no response is required. To the extent a response is required, this allegation is denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 constitute a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

41. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

42. The allegations of paragraph 42 represent a summary of the referenced cases, which speaks for themselves and, therefore, no response is required. To the extent a response is required, this allegation is denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 represent a summary of the referenced statute, which speaks for itself and therefore no response is required. To the extent a response is required, this allegation is denied.

45. The allegations of paragraph 35 constitute a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

46. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 constitute a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

49. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

50. The allegations of paragraph 50 are denied.

51. Paragraph 51 constitutes a conclusion of law and, therefore, no response is necessary. To the extent a response is required, this allegation is denied.

52. Defendant ISI repeats and restates each and every response in the preceding paragraphs as if fully set forth and incorporated herein.

53. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 53 and, therefore, these allegations are denied.

54. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 54 and, therefore, these allegations are denied.

55. Defendant ISI is without sufficient information to form a belief as to the truth of the allegations of paragraph 55 and, therefore, these allegations are denied.

WHEREFORE, Defendant ISI respectfully prays this Court the following:

1. That Plaintiff have and recover nothing from Defendant ISI;

2. That, in the event this Court should award damages to Plaintiff, no trebling of damages be ordered;

3. That Plaintiff have and recover no punitive damages from Defendant ISI;

4. That the costs of this action be taxed to Plaintiff;

5. For such other and further relief as this Court may deem just and proper.

This 31st day of January, 2013.

Respectfully submitted,

**THE GLORIOSO LAW FIRM**

*s/Maria B. Glorioso*
MARIA B. GLORIOSO (#24435)
VINCENT J. GLORIOSO, JR. (#6064)
VINCENT J. GLORIOSO, III (#26896)
815 Baronne Street
New Orleans, LA 70113
Telephone: (504) 569-9999
Facsimile:   (504) 569-9022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA B. GRICE,        ) | |
| ) | Civil action No: 2:12-CV-02873- EEF-KWR |
| Plaintiff,        ) | |
| ) | |
| v.        ) | ANSWER BY DEFENDANT |
| ) | ISI ALARMS NC, INC. |
| ISI ALARMS NC, INC. and        ) | |
| TRANS UNION, LLC,        ) | |
| ) | |
| Defendants.        ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2013, a true and correct copy of the foregoing has been submitted to the Clerk of Court for filing and electronic service via the Court's CCM/ECF system on the following counsel of record:

- **Tod J. Everage**
  tod.everage@keanmiller.com,terri.hill@keanmiller.com
- **Marc R. Michaud**
  marc@marcmichaudlaw.com,ecf@attorneysforconsumers.com
- **Glenn Paul Orgeron**
  Glenn.Orgeron@KeanMiller.com,Terri.Hill@KeanMiller.com


                                           s/Maria B. Glorioso
                                           MARIA B. GLORIOSO. (#24435)