UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| CYNTHIA B. GRICE | * | | |
| | * | | |
| Plaintiff, | * | Civil Action No.: 12-2873 | |
| | * | | |
| v. | * | Judge: Eldon E. Fallon | |
| | * | | |
| ISI ALARMS NC, INC. and | * | Magistrate: Karen Wells Roby | |
| TRANS UNION, LLC | * | | |
| | * | | |
| Defendants. | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Cynthia B. Grice ("Grice"), and submits this Memorandum of Law in Support of her Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

I.      Introduction

Defendant ISI Alarms NC, Inc. ("ISI") knowingly and willfully obtained Grice's consumer credit report from former Defendant Trans Union, LLC ("Trans Union") under false pretenses and without a permissible purpose. These violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") subjects ISI to statutory liability and punitive damages. Thereafter, ISI opened a Yahoo! email account in Grice's name and then used that account in its attempts to obtain credit in Grice's name at least three times. These facts led Grice and ISI to negotiate then agree to enter a Consent Judgment, ending this case. For her part, Grice consented to Judgment due to ISI's insistence that no insurance policy existed that may have provided coverage for ISI's illegal conduct. Obviously, Grice would have prosecuted her case

differently, and presumably, this Court would have guided the same differently had either known that there might be insurance coverage available.

The day after the Court entered the Consent Judgment, however, Grice learned that not only does insurance in fact exist, but that ISI had actually made a claim under such policy or policies. This could not have happened inadvertently, more importantly, the claim must have been filed at the time ISI was pleading poor mouth to Grice and this Court. This is just the type of circumstance that allows District Courts to relieve litigants from Judgments because they were procured by fraud and/or misconduct. The Court should do so in this case; the Court should grant a limited period of discovery and permit Grice to amend her Complaint to name ISI's insurer, and possibly other defendants as well; the Court should reset jury trial on the merits for this matter; and this Court should sanction ISI and/or its attorney for their failure to abide by the Rules of Civil Procedure, as well as by the general spirit of fairness without which this system of justice cannot function.

## II.      Discussion

### A.      Standard of Review.

Federal Rule of Civil Procedure 60(b)(3) allows the Court to relieve a party from an order on grounds of "fraud ... misrepresentation, or misconduct by an opposing party[.]" To obtain relief under this provision, a party "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case[1]." This provision "is aimed at judgments which were unfairly obtained, not

---

[1] Fed. R. Civ. P. 60(b)(3); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

at those which are factually incorrect[2]."  Misconduct may be established by evidence that the opposing party willfully committed perjury[3].

One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence[4]. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense[5].  Although Rule 60(b)(3) applies to misconduct in withholding information called for by discovery[6], it does not require that the information withheld be of such nature as to alter the result in the case[7].   But in this instance, said withheld information would have altered the result of this case.

### B.   Relevant Facts and Procedural History.

Upon the completion of his investigation of Grice's allegations, Deputy Rickey Roubique of the Louisiana State Fire Marshall found "that ISI Alarms NC, Inc. did indeed engage in false, misleading or deceptive practices in the sale and installation of a residential security system, [and found] the complaint to be SUBSTANTIATED[8]."  For its part, the Tangipahoa Parish Sheriff's Office (the "TPSO") forwarded the case to the Mooresville (North Carolina) Police Department for further investigation, because Detective Christmas had "reason to believe that the identity

---

[2] *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978)).
[3] *See General Universal Systems*, 379 F.3d at 156–57.
[4] *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949); *Gilmore v. Strescon Industries, Inc.*, 66 F.R.D. 146, 153 (E.D.Pa. 1975), *aff'd without opinion, Bucks County Const. Co. v. P. Agnes, Inc.*, 521 F.2d 1398 (3rd Cir.).
[5] *Toledo Scales Co. v. Computing Scale Co.*, 261 U.S. 399, 421, 43 S.Ct. 458, 464, 67 L.Ed. 719 (1923); *Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953).
[6] *Petry v. General Motors Corp.*, 62 F.R.D. 357 (E.D.Pa. 1974)
[7] *Seaboldt v. Pennsylvania RR. Co.*, 290 F.2d 296, 299-300 (3rd Cir. 1961). *See generally*, 11 C. Wright & A. Miller, Federal Practice and Procedure, s 2861 (1970).
[8] Exhibit 4 to Grice's Motion for Summary Judgment, at p. 31 (emphasis in original).

theft of Grice occurred at the ISI Alarms corporate offices or that at least the attempts to obtain credit in Grice's name occurred [there][9]."

The Complaint in this case was filed on November 30, 2012, and on March 14, 2013, Grice sought leave to amend her Complaint, which was considered by this Court at the initial status conference on March 27, 2013[10]. On April 19, 2013, Grice served her written discovery requests to ISI, and on June 7, 2013, ISI responded only to Grice's Requests for Admission, and in so doing, provided numerous denials of fact that it's Chief Executive Officer was later forced to recant in his deposition. Finally, on June 14, 2013, ISI served its Answers to Interrogatories and Responses to Requests for Production of Documents, a copy of which is attached hereto as Exhibit A[11]. Regarding the existence of potential insurance coverage, ISI responded as follows to Grice's Interrogatories:

INTERROGATORY NO. 21: Please identify all policies of insurance that may provide coverage to ISI for any allegation Plaintiff makes in her Amended Complaint.

RESPONSE: Defendant has not been able to identify any insurance coverage which could cover damages for claims made by the Plaintiff. Defendant reserves the right to amend this answer should responsive information be identified.

INTERROGATORY NO. 22: Please identify all policies of insurance held by ISI that may provide coverage for ISI employee negligence.

_____

[9] Exhibit 3, at p. 5 (citing La. R.S. 14:67.16)("If the crime was committed in a different jurisdiction, the agency preparing the report shall refer the matter, with a copy of the report, to the local law enforcement agency having jurisdiction over the area in which the alleged crime was committed for an investigation of the facts.").
[10] *See* Rec. Doc. Nos. 1, 20, 27.
[11] The format of the responses is one that is not easily opened. Undersigned counsel can open the same through Mac OS, but PC users within counsel's office cannot open the same. The format of the responses, therefore, is in its original form.

RESPONSE: Defendant has not been able to identify any insurance policies that may provide coverage for employee negligence. Defendant reserves the right to amend this answer should additional responsive information be identified[12].

Similarly, when asked for production of relevant insurance documents, ISI responded as follows:

REQUEST NO. 20: All policies of insurance that may conceivably provide coverage to ISI for the conduct alleged by Plaintiff in the Amended Complaint.

Answer: Defendant is currently unaware of the existence of any policies which may provide coverage for the ISI conduct alleged by Plaintiff.

REQUEST NO. 21: All policies of insurance that may conceivably provide coverage to ISI for employee negligence.

Answer: Defendant is currently unaware of the existence of any policies which may provide coverage for the conduct of ISI employees[13].

Furthermore, when he was asked what type of insurance ISI maintained for errors and omissions, ISI CEO William Jayson Waller testified: "I honestly don't know offhand.  I didn't handle that.  I know we don't have one now, I cancelled everything, but I didn't handle that.  We never used it for anything, never had a complaint on it[14]."  Accordingly, if it turns out that ISI filed a claim under an insurance policy sometime before July 29, 2013, the day Mr. Waller was deposed, it will be conclusive proof that he committed perjury.

---

[12] *See* Exhibit A.
[13] *See* Exhibit A.
[14] *See* Deposition Transcript, attached to Grice's Motion for Summary Judgment, at pp. 58-59.

Throughout this entire case, therefore, Grice has operated under the assumption that there was no alternate source to recover any judgment a jury might award.  In fact, ISI's counsel has constantly maintained that there were no funds with which to pay any such judgment, and this Court has thus guided this case accordingly.  In particular, this Court has encouraged the use of summary and consensual process in order to aid Grice's attempts to limit expense against an erstwhile judgment proof defendant.  All of which led to Grice agreeing to a Consent Judgment that was entered by the Court on Thursday, September, 19, 2013.

The very next day, however, an attorney from the New Orleans law firm Phelps Dunbar, LLP contacted undersigned counsel on behalf of Scottsdale Insurance Company in regards to a claim made by ISI.  Said attorney was inquiring as to the status of the instant case, as it was the subject of the claim he was assigned to defend.  When informed of such status and pressed for further details, such attorney went into defensive mode and stated he needed to consult his client.

Accordingly, it is not possible that the Consent Judgment in this case was negotiated in good faith by ISI.  ISI must have filed a claim under its insurance policy in order to have it submitted to Phelps Dunbar to defend.  And more importantly, coverage for the facts and circumstances in this case must exist for Scottsdale Insurance Company to retain counsel at all. As such, ISI and/or its counsel breached their duties under the Rules of Discovery by failing to disclose the existence of potential insurance coverage.  Worse, ISI and/or its counsel committed fraud upon this Court by filing a claim under an existing policy yet maintaining ISI was effectively judgment-proof.  This Court should not only vacate the Consent Judgment because it was procured in bad faith and through fraud, but the Court should also sanction ISI and/or its counsel for moral hazard purposes alone.

### III.     Conclusion

The Consent Judgment entered in this case was unfairly obtained through fraud or misrepresentation.  Grice would never have voluntarily waived her right to a jury trial if there was a reasonable possibility of recovery.  ISI has maintained throughout this Case that it was all but judgment proof and flat out lied about the existence of insurance.  And it cannot now claim that it was unaware of such existence when it had filed a claim against such policy.  This Court cannot abide by such nefarious litigation tactics, for they devalue the entire system.  The Court should vacate the Consent Judgment, set a limited period of discovery, then reset jury trial on the merits for a date as soon as is practicable.  And the Court should sanction ISI and/or its counsel for their blatant violations of the Rules of Civil Procedure and this Court.

DATED this 23rd day of September, 2013.          PATRICK MILLER LLC

/s/ *Marc R. Michaud*
Marc R. Michaud, La. Bar No. 28962
400 Poydras Street, Ste. 1680
New Orleans, LA 70130
(504) 680-4318 (Telephone)
(504) 527-5456 (Facsimile)
mmichaud@patrickmillerlaw.com (Email)

### Certificate of Service

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record by U.S. Mail (properly addressed and postage prepaid), by electronic mail, and/or facsimile, this 23rd day of September, 2013.

/s/ *Marc R. Michaud*
Marc R. Michaud

7