UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CYNTHIA B. GRICE,
Plaintiff,
v.
ISI ALARMS NC, INC. and
TRANS UNION, LLC,
Defendants.
)))))))))))))

Civil action No: 12-2873
Magistrate: Karen Wells Roby

RESPONSES OF DEFENDANT ISI ALARMS NC, INC. TO PLAINTIFF'S INTERROGATORY REQUESTS

Defendant, ISI Alarms NC, Inc., ("ISI") hereby responds to the Interrogatory Requests and Requests for Production of Documents Propounded by Plaintiff, Cynthia B. Grice ("Plaintiff") as follows:

INTERROGATORIES

INTERROGATORY NO. 1: Please identify the relationship between ISI Alarms NC, Inc. and Monetronics Security, LP.

RESPONSE: ISI Alarm NC, Inc. ("ISI") sells alarm system monitoring contracts to Monitronics.

INTERROGATORY NO. 2: Please identify what percentage of ownership that ISI Alarms NC, Inc. has in Monetronics Security, LP.

RESPONSE: ISI has no percentage of ownership in Monitronics.

INTERROGATORY NO. 3: Please identify what percentage of ownership that Monetronics Security, LP has in ISI Alarms NC, Inc.

RESPONSE: Monitronics has no percentage of ownership in ISI.

INTERROGATORY NO. 4: Please describe in detail the process that results in a monitoring contract executed by an ISI Alarms NC, Inc. representative being transferred to Monetronics Security, LP.

RESPONSE: After a consumer agrees to contract with ISI, the consumer's utility credit is checked using only their name, date of birth and address. ISI then checks the consumer's creditworthiness. If the consumer clears the credit check, a contract is signed. Once the contract is signed, ISI obtains the last 4 digits of the consumer's social security number, without further investigation of the consumer's credit, to be added to the contract to be sold to Monitronics.

INTERROGATORY NO. 5: Please identify the person, department, group, committee or section with ISI that processes new applications, installments or accounts.

RESPONSE: To the extent that ISI can respond to this question, the response must be parsed as follows:

Applications were processed, to the extent that term is understood, by numerous individuals at the time

of the Maggio application. The person(s) responsible for processing the Bennett/Maggio application are identified in the document attached at Tab A. The person(s) responsible for handling "installments" or installations, to the extent these terms are understood, for the Maggio/Bennett account are more specifically identified in the document attached at Tab A. The person(s) responsible for the handling scheduling, to the extent these terms are understood, for the Maggio/Bennett account are more specifically identified in the document attached at Tab A. The person(s) responsible for handling accounts, to the extent these terms are understood, for the Maggio/Bennett account are more specifically identified in the document attached at Tab A. INTERROGATORY NO. 6: Please identify the person, department, group, committee or section with ISI that pulls new applicants' credit histories, or otherwise reviews such applicants' credit worthiness. RESPONSE: The person(s) responsible for handling the investigation of the Maggio/Bennett account for credit history or creditworthiness are more specifically identified in the document attached at Tab A. Other individuals in the funding department may also have had responsibility to review "applicant's credit histories" or "creditworthiness". Defendant reserves the right to amend this answer should additional responsive information be identified. INTERROGATORY NO. 7: Please state how ISI identified Plaintiff's house, or Plaintiff's father, which led ISI to contact Plaintiff's father for the first time. RESPONSE: ISI was provided with a lead from a third party marketing entity. INTERROGATORY NO. 8: Please identify the ISI representative that installed the alarm at 19317 Rolling Pines Road in Amite, Louisiana. RESPONSE: Nate Pradia. INTERROGATORY NO. 9: Please identify all ISI policies and procedures related to the solicitation, installation, and servicing of ISI alarm systems. RESPONSE: To the extent that ISI can respond to this question, the response must be parsed as follows: Solicitation. At the time of the installation at 19317 Rolling Pines Road, Amite, Louisiana, ISI bought leads of

qualified consumers from third party telemarketers. ISI cannot currently identify any written "policies and procedures related to" solicitations which were in place at the time of the installation at 19317 Rolling Pines Road, Amite, Louisiana.Installation. ISI cannot currently identify any written "policies and procedures related to" installations which were in place at the time of the installation at 19317 Rolling Pines Road, Amite, Louisiana.Servicing. ISI cannot currently identify any written "policies and procedures related to" servicing which were in place at the time of the installation at 19317 Rolling Pines Road, Amite, Louisiana.Defendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 10:Please identify each and every document used by ISI that is in any way related to new installations or new customers.RESPONSE:Defendant identifies the following document is used in connection with "new installations or new customers":-alarm system monitoring agreement-schedule of protectionDefendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 11:Please describe in detail, ISI's policy when a new customer fails or refuses to list his or her social security number on a Schedule of Protection, Alarm Monitoring Agreement or any other document used in new customer installations.RESPONSE:ISI had no specific policy for a situation when a "customer fails or refuses to list his or her Social Security number" because the consumer's Social Security number was not required in order to perform a utility credit check. Defendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 12:Please identify each and every communication between ISI and Monetronics Security, LP in any way related to Plaintiff, her father Vincent Bennett, or the house at 19317 Rolling Pines Road in Amite, Louisiana.RESPONSE:The extent that communications occurred between ISI and plaintiff, these communications are documented

in the company's internal system, copy of which is attached at Tab A.

**INTERROGATORY NO. 13:** Please identify each and every communication between ISI and Plaintiff's father, Mr. Vincent Bennett.

**RESPONSE:** To the extent that communications occurred between ISI and Mr. Bennett, these communications are documented in the company's internal system, a copy of which is attached at Tab A.

**INTERROGATORY NO. 14:** Please identify each and every communication between ISI and Monetronics Security, LP in any way related to Plaintiff, her father Vincent Bennett, or the house at 19317 Rolling Pines Road in Amite, Louisiana.

**RESPONSE:** Defendant is still in the process of attempting to identify "communication between ISI and Monitronics" related to the Plaintiff or Mr. Bennett for the address in question. Defendant reserves the right to amend this answer should additional responsive information be identified.

**INTERROGATORY NO. 15:** Please identify each credit-reporting agency to whom ISI subscribes for credit review, or otherwise contracts for credit history and related services.

**RESPONSE:** As previously stated, Defendant only needed a utility credit check at the outset of a relationship with a consumer. At the time of the incident identified in the complaint, ISI used Trans Union provide additional credit information to Monitronics.

**INTERROGATORY NO. 16:** Please identify all Internet Protocol addresses owned, registered to, operated or controlled by ISI Alarms NC, Inc.

**RESPONSE:** Defendant still in the process of gathering information related to "all Internet protocol addresses owned, register to, operated or controlled by ISI Alarms NC, Inc." Defendant reserves the right to amend this answer should additional responsive information be identified.

**INTERROGATORY NO. 17:** Please state how many unique or individual computers, including laptops, desktops, servers, tables, smart phones, personal data devices or terminals are owned by or registered to ISI Alarms NC, Inc.

**RESPONSE:** Defendant still in the process of gathering information to identify any "individual computers, including

laptops, desktops, servers, tablets, smart phones, personal data devices or terminals" which were owned by or registered to ISI at the time of the incident identified in the complaint. Defendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 18:Please state how many unique or individual computers, including laptops, desktops, servers, tablets, smart phones, personal data devices or terminals have access to Internet Protocol address 64.128.73.90.RESPONSE:Defendant still in the process of gathering information to identify any "individual computers, including laptops, desktops, servers, tablets, smart phones, personal data devices or terminals" that had access to Internet protocol address 64.128.73.90. Defendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 19:Please identify ISI's Information Technology (IT) specialist or specialists. If none, then please identify the ISI employee tasked with registered ISI's Internet Protocol address.RESPONSE:At the time of the incident identified in the complaint, ISI did not maintain a relationship with an outside information technology specialist. Numerous individuals were tasked with the jobs that included registering ISI internet protocol addresses. Defendant reserves the right to amend this answer should additional responsive information be identified.            INTERROGATORY NO. 20:If the answer to the preceding interrogatory was none, or you otherwise indicated that no such employee exists, please identify the outside contractor ISI uses to service its computer network.RESPONSE:See response to Interrogatory 19.INTERROGATORY NO. 21:Please identify all policies of insurance that may provide coverage to ISI for any allegation Plaintiff makes in her Amended Complaint. RESPONSE:Defendant has not been able to identify any insurance coverage which could cover damages for claims made by the Plaintiff. Defendant reserves the right to amend this answer should responsive information be identified.INTERROGATORY NO. 22:Please identify all policies of insurance held by ISI that may

provide coverage for ISI employee negligence.
RESPONSE:Defendant has not been able to identify any insurance policies that may provide coverage for employee negligence. Defendant reserves the right to amend this answer should additional responsive information be identified.INTERROGATORY NO. 23:Please identify all lawsuits within the past five years, in which ISI Alarms NC, Inc. was named as a defendant. RESPONSE:Defendant objects to interrogatory number 23 on the grounds that the information sought is not relevant to this case nor is it reasonably calculated to lead to the discovery of relevant and admissible information. INTERROGATORY NO. 24:Please identify all instances within the past five years, in which ISI Alarms NC, Inc., or one of its employees was the subject of a regulatory complaint with the Federal Trade Commission to the Consumer Financial Protection Bureau, a Better Business Bureau complaint, a claim or complaint with the North Carolina Office of the Attorney General, or any other agency charged with protection of consumers.RESPONSE:Defendant objects to interrogatory number 24 on the grounds of the information sought is not relevant, nor is it reasonably calculated to lead to the discovery of relevant for admissible information. Without waiving said objection, defendant responds that there are no other instances of complaints or governmental action which are related to identity theft or the improper use of any consumer's credit information.INTERROGATORY NO. 25:Please identify and describe in detail all instances in which ISI Alarms NC, Inc., or one of its employees has been accused of identify theft. RESPONSE:None.INTERROGATORY NO. 26:Please identify the ISI employee that applied for or opened Yahoo! email account cindymaggio15@yahoo.com whose user name is cindymaggio15. RESPONSE:Defendant denies that any employee opened the "Yahoo! e-mail account identified as cindymaggio@yahoo.com". Defendant further responds that the company has not and cannot identify "the ISI employee that applies for or opened Yahoo! e-

mail account cindymaggio@yahoo.com" since, to the best of the company's knowledge, this event did not occur.

INTERROGATORY NO. 27: Please identify the ISI employee that applied for credit in Plaintiff's name from GE Capital Retail Bank.

RESPONSE: Defendant denies that any employee "applied for credit in Plaintiff's name from GE Capital Retail Bank". Defendant further responds that the company has not and cannot identify "the ISI employee that applied for credit in Plaintiff's name from GE Capital Retail Bank since, to the best of the company's knowledge, this event did not occur.

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: All documents identified in your answers to interrogatories.
Answer: See tab A through G.

REQUEST NO. 2: All documents and records of any communication between Plaintiff and ISI.
Answer: See tab A.

REQUEST NO. 3: All documents and records of any communication between Mr. Vincent Bennett and ISI.
Answer: See tab A.

REQUEST NO. 4: All statements made by Plaintiff, whether written or recorded, regarding the alarm system ISI installed at 19317 Rolling Pines Road in Amite, Louisiana, or the accompanying monitoring contract.
Answer: ISI is currently unaware of the existence of any statements made by the plaintiff, whether written or recorded, except as identified in Tab A. Defendant reserves the right to amend this answer should responsive documents be identified.

REQUEST NO. 5: All documents related to any investigations concerning the allegations Plaintiff makes in her Amended Complaint.
Answer: Defendant objects to the production of any documents which constitute work product or documents containing information which is subject to the attorney – client privilege. Without waiving said objection, defendant responds that ISI is currently unaware of the existence of any documents "relating to any investigations concerning the allegations plaintiff makes in her amended complaint".

REQUEST NO. 6: All documents and information received from or provided to any credit-reporting agency, or any third party, regarding Plaintiff.
Answer: Defendant is currently unaware of the existence

of any documents provided to any credit reporting agencies regarding the plaintiff. To the extent that any information was received from any credit reporting agency, this information is included in the documents provided at tab A.REQUEST NO. 7:A copy of the Subscription Agreement, or any other documents evidencing a contractual relationship between ISI and Trans Union, LLC.Answer:See Tab B.REQUEST NO. 8:All documents concerning communications with any one regarding Plaintiff or the alarm installed by ISI at 19317 Rolling Pines Road in Amite, Louisiana. Answer:To the extent that defendant can identify any documents "concerning communications with anyone regarding Plaintiff for the alarm system installed by ISI at 19317 Rolling Pines Road", these documents are represented by the documents attached at tab A, the Schedule of Protection and the Alarm System Monitoring Agreement.REQUEST NO. 9:All documents or reports related to Plaintiff's credit or credit history. Answer:To the extent that defendant can identify "documents or reports related to Plaintiff's credit or credit history", they are included at Tab A. Defendant further responds that a credit report may have been obtained by the Funding Department and transmitted to Monitronics along with the contract. REQUEST NO. 10:All account histories, ledgers and notes regarding Plaintiff, Mr. Vincent Bennett or the house at 19317 Rolling Pines Road in Amite, Louisiana.Answer:See tab A.REQUEST NO. 11:All applications, agreements, contracts, statements or bills relating to Plaintiff or the house at 19317 Rolling Pines Road in Amite, Louisiana.Answer:See Tab A. "Bills relating to Plaintiff for the house at 19317 Rolling Pines Road" would be handled by Monitronics and, therefore, are not in the possession of Defendant. REQUEST NO. 12:All correspondence and documents sent to or received from the Tangipahoa Parish Sheriff's Office. Answer:See Tab C.REQUEST NO. 13:All correspondence and documents sent to or received from the Louisiana Sate Fire Marshall's Office. Answer:See Tab D.REQUEST NO. 14:All correspondence and documents sent to or received from the Louisiana Office of the

Attorney General.Answer:See Tab E.REQUEST NO. 15:All correspondence and documents sent to or received from any law enforcement agency that in any way relates to Plaintiff or the allegations in the Amended Complaint.Answer:Defendant is not in possession of additional responsive documents which have not already been produced. Defendant reserves the right to amend this answer should responsive documents be identified.REQUEST NO. 16:All policies, procedures, manuals, instructions, or similar materials applicable to new customer solicitation, installation, sales and servicing that were in effect during the two years preceding the filing of the Complaint in this matter.Answer:Defendant is currently unaware of the existence of any "policies, procedures, manuals, instructions, or similar materials applicable to new customer solicitation, installation, sales and servicing" that were in effect during the relevant time period. Defendant reserves the right to amend this answer should responsive documents be identified.REQUEST NO. 17:All policies, procedures, manuals, instructions, or similar materials applicable to handling, investigating and responding to consumer disputes, including disputes of identify theft, in effect during the two years preceding the filing of the Complaint in this matter.Answer:Defendant is currently unaware of the existence of any "policies, procedures, manuals, instructions, or similar materials applicable to handling, investigating and responding to consumer disputes" during the relevant time period. Defendant reserves the right to amend this answer should responsive documents be identified.REQUEST NO. 18:All policies, procedures, manuals, instructions, or similar materials applicable to reporting information to credit reporting agencies, in effect during the two years preceding the filing of the Complaint in this matter.Answer:It was not a practice of the Defendant to report information to credit reporting agencies, therefore Defendant is currently unaware of the existence of any "policies, procedures, manuals, instructions, or similar materials applicable to reporting information to credit reporting agencies "during the relevant time period. Defendant reserves the right to

amend this answer should responsive documents be identified.REQUEST NO. 19:All internal memoranda, investigation reports, notes, meeting minutes, and any other documents relating to any ISI investigation into the facts alleged by Plaintiff in the Amended Complaint.Answer:Defendant objects to the production of any documents which would constitute work product or which contain information which is subject to the attorney – client privilege. Without waiving said objection, defendant further responds that it is currently unaware of the existence of any "internal memoranda, investigation reports, notes, meeting minutes, or any other documents relating to any ISI investigation into the facts alleged by Plaintiff in the amended complaint". Defendant reserves the right to amend this answer should responsive documents be identified.REQUEST NO. 20:All policies of insurance that may conceivably provide coverage to ISI for the conduct alleged by Plaintiff in the Amended Complaint.Answer:Defendant is currently unaware of the existence of any policies which may provide coverage for the ISI conduct alleged by Plaintiff.REQUEST NO. 21:All policies of insurance that may conceivably provide coverage to ISI for employee negligence. Answer:Defendant is currently unaware of the existence of any policies which may provide coverage for the conduct of ISI employees.REQUEST NO. 22:All documents related to procedures employed to assure compliance with the Fair Credit Reporting Act in effect during the two years preceding the filing of the Complaint in this matter.Answer:Defendant is currently unaware of the existence of any documents "relating to procedures employed to assure compliance with the Fair Credit Reporting Act" during the relevant time period. Defendant reserves the right to amend this answer should responsive documents be identified.REQUEST NO. 23:All documents relating to procedures employed to assure compliance with North Carolina consumer protection laws in effect during the two years preceding the filing of the complaint. Answer:Defendant objects to this request on the grounds that North Carolina consumer protection laws are not

controlling in this case. Without waiving said objection, Defendant further responds that it is currently unaware of the existence of any documents "relating to procedures employed to ensure compliance with North Carolina consumer protection laws" in effect during the relevant time period. Defendant reserves the right to amend this answer should additional responsive information be identified.REQUEST NO. 24:Copies of all pleadings, motions and supporting memoranda for any lawsuit in which ISI is or was a named defendant and the primary allegation concerned identity theft or fraud. Answer:See Tab F.REQUEST NO. 25:Copies of all pleadings, motions and supporting memoranda for any lawsuit in which ISI is or was a named defendant for the prior two years. Answer: Defendant objects to request number 25 on the grounds that the information sought is not relevant nor reasonably calculated to lead to the discovery of relevant information.REQUEST NO. 26:Copies of any complaint, claim grievance or other document related to any claim against ISI made to any regulatory agency, formal or informal, of identity theft or fraud received within the prior five years.Answer: Defendant is unaware of the existence of any "complaint, claim, grievance or other documents related to any claim against ISI made any regulatory agency, formal or informal, of identity theft or fraud" within the relevant time period.REQUEST NO. 27:Documents showing ISI's net worth for the five years preceding and including the year of trial. Answer: Defendant objects to Request 27 on the grounds that the information sought is not relevant nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Without waiving said objection, Defendant further responds that the company ceased taking new business on or before March 24, 2013. The determination of punitive damages is intended to (a) punish the violative activity and (b) deter future activity. Since the company is no longer in business, no deterrent effect can be achieved by a punitive damages award. The company denies performing any violative activity as to this Plaintiff.REQUEST NO. 28:ISI's Annual Reports for the five

years proceeding the year of trial. Answer: See Tab G.This the 14th day of June, 2013. s/ Robert B. Newkirk, III _Robert B. Newkirk, IIIAttorney for Defendant, ISI Alarms NC, Inc.PO Box 2536Cornelius, NC 28031P: 704-892-5898F: 704-892-5633UNITED STATES DISTRICT COURTEASTERN DISTRICT OF LOUISIANACYNTHIA B. GRICE,Plaintiff, v. ISI ALARMS NC, INC. andTRANS UNION, LLC, Defendants.))))))))))Civil action No: 2:12-CV-02873- EEF-KWR CERTIFICATE OF SERVICEI, the undersigned attorney, do hereby certify a copy of the Responses of Defendant, ISI Alarms NC, Inc. to Plaintiff's Interrogatory Requests and Requests for Production of Documents were served on counsel of record via email delivery to the address(es) identified below:Marc R. Michaud400 Poydras Street, Suite 1780New Orleans, LA 70130mmichaud@patrickmillerlaw.com Tod J. Everage/Glenn Paul Orgeron Kean Miller LLP909 Poydras Street, Suite 1400New Orleans, LA 70112Tod.everage@keanmiller.com Jennifer E. WebbStrasburger & Price, LLP2801 Network Blvd., Suite 600Frisco, TX 75034-1844ginny.webb@strasburger.com Maria B. GloriosoThe Glorioso Law Firm815 Baronne StreetNew Orleans, LA 70113maria@gtorts.com This the 14th day of June, 2013.s/Robert B. Newkirk, III Attorney for Defendant, ISI Alarms, NC, Inc.PO Box 2536Cornelius, NC 28031P: 704-892-5898