UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CYNTHIA B. GRICE** | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: 12-2873 |
| | * | |
| v. | * | Judge: Eldon E. Fallon |
| | * | |
| **ISI ALARMS NC, INC.** and | * | Magistrate: Karen Wells Roby |
| **TRANS UNION, LLC** | * | |
| | * | |
| Defendants. | * | |

*******************************************

**PROPOSED JOINT PRETRIAL ORDER**

NOW COME Plaintiff, Cynthia B. Grice, and Defendant ISI Alarms NC, Inc. ("ISI"), and pursuant to Fed. R. Civ. P. 16, hereby submit the following Joint Pretrial Order in advance of the final pretrial conference scheduled for May 29, 2014.

1. **DATE OF PRE-TRIAL CONFERENCE:**

May 29, 2014 at 1:30 p.m.

2. **COUNSEL REPRESENTING PARTIES:**

For Plaintiff:

Marc R. Michaud (T.A.)
PATRICK MILLER LLC
400 Poydras Street, Ste. 1680
New Orleans, LA 70130
(504) 680-4318

and

Brittany K. Sloan (pending admission)
PATRICK MILLER LLC
400 Poydras Street, Ste. 1680
New Orleans, LA 70130
(504) 620-5412

1

For ISI:

Robert B. Newkirk , III
Newkirk Law Office, PA
19810 West Catawba Avenue
Cornelius, NC 28031
704-892-5898

3.  **DESCRIPTION OF PARTIES:**

    Plaintiff: Cynthia B. Grice, 19479 Highway 38, Kentwood, LA 70444.

    Defendant: ISI Alarms NC, Inc., 919 N. Main Street, Mooresville, NC 28115.

4.  **JURISDICTION**

    Jurisdiction is founded upon Plaintiff's federal claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Plaintiff is a Louisiana citizen, while ISI is a now defunct corporate citizen of North Carolina, at one time doing business in Louisiana. The acts complained of occurred in Tangipahoa Parish and thus, venue is proper in this Court.

5.  **LIST OF PENDING OR CONTEMPLATED MOTIONS:**

    The parties may file respective motions in limine regarding anticipated evidence and will tender said motions prior to the trial date of June 9, 2014, the deadline to do so.

6.  **PLAINTIFF'S SUMMARY OF MATERIAL FACTS:**

    At the outset of this case, Plaintiff believed that ISI maintained a practice of stealing unwitting consumers' identities for purposes of paying for the fraudulent monitoring contracts. Specifically, Plaintiff assumed that ISI attempted to open credit accounts in her name so as to pay the monthly monitoring fee to Monitronics. By the time Plaintiff, or anyone else, caught onto the scheme, Monitronics could plead ignorance and ISI would already have been paid for the contract. This theory has not been proven nor disproven. In other words, the what and the how have been answered, but the who and the why remain unclear.

    To wit, ISI blames its employee, Mr. Nathaneal C. Pradia for misleading it into believing it had the authority to obtain Plaintiff's consumer credit report, and by extension, her Social Security number. By contrast, Plaintiff's father, Mr. Bennett, testified via affidavit that Mr. Pradia instructed him to sign Plaintiff's name above his own. ISI has adduced no evidence whatsoever to counter Mr. Bennett's testimony in this regard.

    Furthermore, ISI claims that it had no knowledge of either the altering of the initiating documents, the creation of the Yahoo! email account, nor the applications for credit in Grice's name that undisputedly originated at ISI. Factually, ISI appears to claim that it must have been a rogue employee, perhaps acting in concert with its technician Mr. Pradia, that created the email

account and applied for the credit.  Yet, Mr. Waller testified that only three ISI employees had access to the Internet from their ISI computers: Mr. Waller himself, his wife, and Kevin Klink, ISI's Vice President of Sales.  ISI's logic does not hold.

The Tangipahoa Sheriff's Office and the Louisiana State Fire Marshall have both concluded that ISI acted wrongfully vis-à-vis Grice, and/or its obligations under the law.  The TPSO made a criminal referral to the Mooresville Police Department, while the Fire Marshall fined ISI.  There is some dispute as to the nature and scope of those official findings, but in any event, Plaintiff believes that both agencies vindicate her claims herein: that ISI obtained her consumer credit report without a permissible purpose, then intentionally used information gleaned therefrom in order to further violate her privacy rights.

### **DEFENDANT'S SUMMARY OF MATERIAL FACTS:**

In 2012, ISI operated as a company selling alarm systems.  Alarm system sales were completed in the State of Louisiana.  Nathaniel Pradia was contracted to perform alarm system installations in Louisiana in 2012.  ISI received information that a party at 1937 Rolling Pines Rd., Amite, Louisiana wished to purchase a system.  ISI dispatched Mr. Pradia to secure signatures on the necessary forms and to install the alarm system, as requested by the consumer.  Mr. Bennett had given all necessary information to the sales representative (including the date of birth for Ms. Grice) over the phone.  Mr. Pradia asked for Mr. Bennett to sign and to secure Ms. Grice's signature.  Mr. Bennett provided the document signed by both himself and, apparently, by Ms. Grice.  ISI received from Mr. Pradia the completed Alarm Monitoring Agreement, which appeared to have all requisite signatures.  Mr. Pradia installed the alarm system and ISI began providing monitoring services.

Upon receipt of the signed Alarm Monitoring Agreement, ISI prepared to sell the contract to Monitronics International, Inc.  Among the requirements for selling the contract to Monitronics, ISI was required to provide the customer's Social Security number, which was to be used for identification purposes only.  Since the Alarm Monitoring Agreement provided authority for ISI to collect certain information, such as the Social Security number of the customer, ISI used this authority to obtain the Social Security number and included the Social Security number of the homeowner on the contract for sale to Monitronics.

At the time Mr. Bennett signed the Alarm Monitoring Agreement, ISI had just moved into its new headquarters in Mooresville, North Carolina.  At the time Mr. Waller testified in this action, he believed that the security system for the new location was operational during the period when Mr. Bennett signed the Alarm Monitoring Agreement.  From this assumption, Mr. Waller testified that only three parties (himself, Mrs. Waller and Kevin Klink) had Internet access through the ISI computer system.  Mr. Waller later learned that the security protocol which limited Internet access was not in place at the time Mr. Bennett signed the Alarm Monitoring Agreement, meaning that other parties could have had Internet access through the ISI computer system.

No employee of ISI had authority to create e-mail addresses or apply for credit in the name of customers. ISI has not been able to identify any employee who performed the acts alleged by plaintiff regarding Ms. Grice. ISI has had no other similar complaints during its existence. ISI does not believe that plaintiff has been damaged by the alleged acts of submitting applications for credit in the consumer's name. ISI believes that the Plaintiff's damages have been sufficiently compensated by the settlement negotiated between the Plaintiff and former defendant Trans Union, LLC.

7. **PLAINTIFF'S STIPULATION OF FACTS:**

The parties agree that the following facts are undisputed:

a. Defendant ISI Alarms NC, Inc. was an alarm system sales and service company that, among other things, sold residential alarm monitoring contracts to Monitronics Security LP (hereinafter, "Monitronics").

b. On April 19, 2011, ISI installed a residential alarm system at 19317 Rolling Pines Road in Amite, Louisiana (hereinafter, the "Property"), at the request of Grice's father, Mr. Vincent Bennett, who lived alone at the Property.

c. Mr. Bennett signed two documents: a Schedule of Protection for the purchase of the alarm itself, as well as an Alarm Monitoring Agreement, in which Mr. Bennett agreed to make 60 monthly monitoring installment payments of $41.99.

d. The Schedule of Protection signed by Mr. Bennett contained a series of questions "[T]o Be Completed By Customer Only," the first of which was whether the customer was or was not the homeowner; this series of questions was not answered by Mr. Bennett and remains unanswered on the original document.

e. The Alarm Monitoring Agreement signed by Mr. Bennett has a section for the homeowner's Social Security number; this section is empty on the original document.

f. The Alarm Monitoring Agreement signed by Mr. Bennett was sold by ISI to Monitronics.

g. On May 31, 2012, Grice spoke with Monitronics, who informed her that her Social Security number was listed on a contract provided to them by ISI.

    h.   Grice filed formal complaints against ISI with the Better Business Bureau, the Tangipahoa Parish Sheriff's Office (hereinafter, the "TPSO"), the Louisiana Office of the State Fire Marshall (hereinafter, the "Fire Marshall"), and the Consumer Protection Division of the Louisiana Attorney General's Office.

    i.   On July 10, 2013, Deputy State Fire Marshall Rickey Roubique received a production of 13 documents from ISI, which included a Schedule of Protection with the "To be Completed by Customer" answers circled, and an Alarm Monitoring Agreement that included Grice's Social Security number.

    j.   ISI obtained a copy of Grice's consumer credit report from former defendant TransUnion, LLC.

    k.   ISI obtained Grice's Social Security number from the consumer credit report it received from TransUnion, LLC.

    l.   ISI placed Grice's Social Security number on the Alarm Monitoring Agreement signed by Mr. Vincent Bennett.

    m.   It was standard ISI policy to obtain customers' Social Security numbers from their consumer credit reports, and to thereafter place said Social Security numbers on previously executed contracts when such customers declined to do so themselves.

    n.   Grice received two letters from GE Capital Retail Bank, one dated July 26, 2012, and the other dated July 31, 2012, both of which were addressed to Cynthia Maggio at the Property's street address but sent to Grice's home in Kentwood.  Both letters reference applications for credit made in Grice's name.

    o.   The applications for credit made in Grice's name to GE Capital Retail Bank originated from Internet Protocol address 64.128.73.90, and were associated with the email address cindymaggio15@yahoo.com.

    p. The email address cindymaggio15@yahoo.com was created at Internet Protocol Address 64.128.73.90.

    q. Grice received a letter from WebBank, c/o Bill Me Later, Inc., dated August 14, 2012, addressed to Cynthia Maggio at Grice's actual home address, in which an application for credit in Grice's name was denied for lack of sufficient documentation.

    r. The applications for credit made in Grice's name to WebBank, C/o Bill Me Later, Inc. originated from Internet Protocol address 64.128.73.90.

    s. Internet Protocol address 64.128.73.90 is hosted by T.W. Telecom (Time Warner).

    t. In response to a subpoena from Detective Michael Christmas of the TPSO, T.W. Telecom disclosed that Internet Protocol address 64.128.73.90 is registered to ISI Alarms NC, Inc., 919 N. Main Street, Mooresville, NC 28115.

    u. Before ceasing operations in March of 2013, ISI was headquartered at 919 N. Main Street, Mooresville, NC 28115.

    v. Presently operating an alarm system company at 919 N. Main Street, Mooreville, NC 28115 is former ISI competitor Power Home Technologies, which, among other things, sells residential alarm monitoring contracts to Monitronics.

    w. Former ISI Chief Executive Office William Jayson Waller is now Chief Operating Officer for Power Home Technologies.

**DEFENDANT'S STIPULATION OF FACTS:**

    x. We will not stipulate the following facts: d, j, m, o, p, r, s, t, v and w.

**8.**     **PLAINTIFF'S LIST OF CONTESTED FACTS:**

A. Nathaneal C. Pradia instructed Plaintiff's father, Mr. Vincent Bennett to sign Plaintiff's name on an Alarm Monitoring Agreement and a Schedule of Protection.

6

B. Nathaneal C. Pradia, or some other ISI employee, altered two contracts after Mr. Vincent Bennett executed them: questions that were unanswered when Mr. Bennett signed were answered, and Plaintiff's Social Security Number was added.

C. ISI obtained a copy of Plaintiff's consumer credit report from Transunion, LLC without Plaintiff's permission.

D. On June 1, 2012, ISI and notified Grice that it would not remove her personal credit information from its system, stated that Grice was liable for the alarm system and the five-year monitoring contract, and stated that if ISI did not receive the contract payments, ISI would report the delinquent account to a debt collection agency and that Grice would be liable for a total of $3,862.61 in addition to having her credit history ruined.

E. That same day, Grice filed a complaint with the TPSO, which led to an investigation by the Louisiana Office of the State Fire Marshal, the state regulator which oversees alarm companies, including ISI. Grice subsequently filed formal complaints with the State Fire Marshall and the Louisiana State Attorney General.

F. On July 12, 2012, Grice corresponded with Ricky Roubique, the Deputy Fire Marshal with the Licensing Section of the Louisiana Office of the State Fire Marshall; Deputy Roubique had been assigned to investigate Grice's complaint against ISI. Deputy Roubique informed Grice that he had asked for, and received copies of relevant documents from ISI. Included in ISI's production were copies of the Schedule of Protection and Alarm Monitoring Agreement. Unlike the documents signed by Mr. Bennett, however, the copies ISI produced to the State Fire Marshall contained significant alterations. Notably, in ISI's version of the Schedule of Protection, the section entitled "To Be Completed By Customer Only" is filled in (with the first question being answered in the affirmative), whereas the original is not. And ISI's version of the Alarm Monitoring Contract includes Grice's social security number, whereas the original does not. Deputy Roubique passed this information along to James Seago of the Louisiana Attorney General's Office and suggested a deeper investigation.

G. In or around August, 2012, Grice received two letters from GE Capital Retail Bank, one dated July 26, 2012, and the other dated July 31, 2012. Both letters are addressed to Cynthia Maggio at her father's address, and they both reference a recent application for credit.

H. Grice contacted GE Capital Retail Bank, and the bank confirmed that someone applied for an Amazon.com store credit card using Grice's social security number, and that the applicant had used the following email address as contact information: cindymaggio15@yahoo.com. Grice asked the bank to provide a copy of the application and then immediately filed another police report with the TPSO.

7

   I. Listed on the GE Capital Retail Bank application for credit was the Internet Protocol (IP) address from which the application originated. Grice discovered that IP address 64.128.73.90 was hosted by TW Telecom in Charlotte, North Carolina. Grice passed this information along to Deputy Roubique, the TPSO and the Attorney General's office.

   J. By letter from WebBank, c/o Bill Me Later, Inc. dated August 14, 2012, addressed to Cynthia Maggio at Grice's actual home address, Grice discovered that someone had again attempted to secure credit in her name. Grice immediately filed a third police report with the TPSO. Grice subsequently discovered that the application for credit again originated from IP address 64.128.73.90; she notified Deputy Roubique, the TPSO and the Attorney General's office accordingly.

   K. On September 20, 2012, Grice was notified by Deputy Roubique by email that he had received a response to the subpoena served to Time-Warner Telecom by the TPSO. Said response confirmed that IP subscriber 64.128.73.90 was ISI Alarms NC, Inc. Deputy Roubique further stated that he spoke with ISI Owner/CEO Jayson Waller on September 18, 2012 and that Mr. Waller declared that ISI obtained Grice's social security number from the Trans Union credit report they pulled on her (using only her name and the Property address). Mr. Waller elaborated that it is normal ISI practice to do so whenever customers refuse to list a social security number on an alarm contract themselves.

   **DEFENDANT'S LIST OF CONTESTED FACTS:**

   L. ISI had no policy, pattern or practice of creating e-mail addresses in the name of customers.

   M. ISI had no policy, pattern or practice of applying for credit in the name of customers.

   N. Plaintiff can demonstrate no material benefit to ISI from the acts alleged.

   O. Mr. Bennett signed Ms. Grice's name to the Alarm Monitoring Agreement.

   P. Ms. Grice authorized Mr. Bennett to sign her name to the Alarm Monitoring Agreement.

Ms. Grice signed the Alarm Monitoring Agreement.

**9.    LIST OF CONTESTED ISSUES OF LAW:**

   1. Did ISI obtain Plaintiff's consumer credit report from Transunion, LLC without a permissible purpose, as defined by 15 U.S.C. § 1681b?

   2. Did ISI willfully or negligently fail to comply with the requirements of the FCRA, 15 U.S.C. § 1681b(f)(1)?

3. Did the Plaintiff suffer actual damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities and emotional distress as a result of ISI's willful failure to abide by the FCRA, 15 U.S.C. § 1681b(f)(1)?

4. Did ISI knowingly and willfully obtain information on the Plaintiff from a consumer-reporting agency under false pretenses, as defined by 15 U.S.C. § 1681q?

5. Does ISI's instruction to Mr. Vincent Bennett to sign the Plaintiff's name in order to obtain her consumer credit report constitute false pretenses under 15 U.S.C § 1681q?

6. Does ISI's ex-post-facto alteration of the Schedule of Protection and Alarm Monitoring Agreement constitute Federal common law fraud and/or Civil Fraud under Louisiana Civil Code Article 3546, intentional infliction of emotional distress or invasion of privacy?

7. Does ISI's creation of the Yahoo! email account cindymaggio15@yahoo.com in Grice's name constitute Federal common law fraud and/or Civil Fraud under Louisiana Civil Code Article 3546, intentional infliction of emotional distress or invasion of privacy?

8. Does ISI's application for credit in Grice's name constitute Federal common law fraud and/or Civil Fraud under Louisiana Civil Code Article 3546, intentional infliction of emotional distress or invasion of privacy?

9. Is the Plaintiff entitled to punitive damages, and if so, in what amount?

10. **PLAINTIFF'S EXHIBIT LIST:**

Plaintiff may offer the following exhibits at trial:

1. All Complaints, Amended and Supplemental Complaints, Answers and other pleadings filed in this case.

2. ISI's Responses to Plaintiff's Written Discovery Requests with attached documents.

3. Schedule of Protection from ISI Alarms NC, Inc., dated April 19, 2012;

4. Alarm Monitoring Agreement with ISI Alarms NC, Inc., dated April 19, 2012;

5. Complaint Activity Reports from BBB of Southern Piedmont, Inc.;

6. Trans Union consumer credit reports;

7. Correspondence between Grice and representatives of ISI Alarms NC, Inc.;

8. Correspondence between Grice and Ricky Roubique, Deputy State Fire Marshall;

9. ISI Alarms NC, Inc. Home-Owners Promotion Form;

10. Correspondence between Grice and Det. Michael Christmas, Tangipahoa Parish Sheriff's Office;

11. Correspondence between Ricky Roubique, Deputy State Fire Marshall and James E. "Jim" Seago, Civil Investigator;

12. Violations of the Licensing Law Report Form for the Louisiana Office of the State Fire Marshall;

13. Letters from GE Capital Retail Bank to Grice;

14. Letter from WebBank c/o Bill Me Later, Inc. to Grice;

15. Correspondence between Grice and TW Telecom, Inc.;

16. Tangipahoa Parish Sheriff's Office Complaints dated June 4, 2012, August 10, 2012 and August 22, 2012;

17. Investigation reports of the Tangipahoa Parish Sheriff's Office;

18. Investigation reports from the Louisiana Office of the State Fire Marshall;

19. Investigation reports from the Office of the Attorney General, State of Louisiana Identity Theft Victims' Complaint and Affidavit;

20. IRS Form 3949 A;

21. Correspondence between Vincent Bennett and ISI Alarms NC, Inc.;

22. All responses to subpoenas issued in this case.

23. Any and all deposition transcripts from any deposition in this case.

24. Any and all exhibits attached to any deposition taken in this litigation.

25. Any and all exhibits included in ISI's Witness and Exhibit List.

**DEFENDANTS' EXHIBIT LIST:**

Defendants may offer the following exhibits at trial:

All exhibits offered by Plaintiff.

We will contest the authenticity and/or relevance (as identified below) of the following documents;

5. Relevance

6. Authenticity

9. Relevance

12. Relevance

15. Authenticity

17. Authenticity

18. Authenticity

19. Relevance and Authenticity

20. Relevance

### 11. LIST OF DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE:

The Parties may submit any deposition that has been or may be taken, if needed for rebuttal or impeachment purposes or if otherwise admissible under the rules of evidence, including the deposition of the following:

1. William Jayson Waller

### 12. CHARTS, GRAPHS, MODELS, ETC.

The Parties may show enlargements of exhibits in opening statement and closing argument. The Parties may use charts, graphs, etc. in opening statement and closing argument, not to be offered in evidence, and if so, these items will be submitted to opposing counsel at least three days prior to trial.

### 13. PLAINTIFF'S WITNESS LIST:

Plaintiff may call the following witnesses at trial, as they were included on the Witness & Exhibit List filed in this case:

1. **Cynthia Grice**, 19479 Highway 38, Kentwood, LA 70444.  As Plaintiff in this matter, Ms. Grice may testify regarding the allegations in her Complaint; liability and damages.

2. **Vincent Bennett**, 19317 Rolling Pines Drive, Amite, LA 70422.  Mr. Bennett may testify regarding the allegations in his daughter's Complaint, as well as the testimony he gave in his Affidavit filed into the record in this case.

3. **Nathaneal Pradia**, 2179 Spyglass Drive, LaPlace, LA 70068.  Mr. Pradia may testify regarding the allegations in the Complaint, including but not limited to the installation of the alarm system, as well as the alteration of documents

4. **Dpty. Rickey Roubique**, Deputy Fire Marshal with the Licensing Section of the Louisiana Office of the State Fire Marshall, 8181 Independence Blvd., Baton Rouge, Louisiana 70806.  Dpty. Roubique may testify as to the allegations in the Complaint and the results of his investigation of ISI and Grice's complaints.

5. **Det. Michael Christmas**, Tangipahoa Parish Sheriff's Office, 15475 Club Deluxe Road, Hammond, LA 70403 (hereinafter, "TPSO).  Det. Christmas may testify as to the allegations in the Complaint and the results of his investigation of ISI and Grice's complaints.

6. **James E. "Jim" Seago**, Civil Investigator, Office of the Attorney General, 1885 N. Third Street, Baton Rouge, LA 70802.  Mr. Seago may testify as to the allegations in the Complaint and the results of his investigation of ISI and Grice's complaints.

7. **William Jayson Waller**, CEO ISI Alarms NC, Inc, 919 N. Main Street, Mooresville, NC 28115.  Mr. Waller may testify as to ISI's policies and procedures, including but not limited to the obtaining of consumer credit reports from alarm customers.

8. **Elizebeth S. Waller**, 110 Bayberry Creek Cir., Mooresville, NC 28117, wife of William Jayson Waller.  As one of supposedly three users with Internet access at ISI, Ms. Waller may testify as to the creation of an email account and the applications for credit in Grice's name.

9. **Kevin Klink**, VP of Marketing/Sales, ISI Alarms NC, Inc. and Power Home Technologies 919 N. Main Street, Mooresville, NC 28115.  As one of supposedly three users with Internet access at ISI, Mr. Klink may testify as to the creation of an email account and the applications for credit in Grice's name.

10. **Shannon Tallent**, ISI Alarms NC, Inc, 919 N. Main Street, Mooresville, NC 28115.  Ms. Tallent may testify as to ISI's policies and procedures.

11. **Kristie Walker**, ISI Alarms NC, Inc, 919 N. Main Street, Mooresville, NC 28115. Ms. Walker may testify as to ISI's policies and procedures.

12. **Shannon Couch (Jordon)**, ISI Alarms NC, Inc, 919 N. Main Street, Mooresville, NC 28115. Ms. Couch may testify as to the TPSO's investigation into Grice's allegations against ISI.

13. Anyone necessary to establish the foundation of any exhibit.

14. An expert in a particular field, should the Defendant seek to introduce the testimony of an as-yet unidentified expert in that particular field.

15. Any witness listed or called by any other party.

16. Any witness necessary for impeachment/rebuttal.

**DEFENDANTS' WITNESS LIST:**

Defendants may call the following:

1. Any witness necessary for impeachment/rebuttal.

2. W. Jayson Waller.

3. Jacob Lyon (ISI security system technician).

**14. JURY TRIAL STATEMEMNT:**

This is a jury trial whereby all aspects of the case will be applicable thereto. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the Court not later than **five** working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

**15. DAMAGES ARE SOUGHT IN THIS CASE:**

The issue of liability will not be tried separately from that of quantum.

**16. EXPEDITED DISPOSITION:**

There are no other matters that might expedite a disposition of this case.

**17.  TRIAL DATE:**

The trial shall commence on Monday, June 9, 2014 at 8:30 a.m. and is estimated to last three days.

**18.  PRETRIAL ORDER STATEMENT:**

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19.  SETTLEMENT STATEMENT:**

Possibility of settlement of this case was considered.

DATED this 27th day of May, 2014.

Newkirk Law Office, PA                                          PATRICK MILLER LLC


/s/ *Robert B. Newkirk, III*                                       /s/ *Marc R. Michaud*
Robert B. Newkirk , III                                         Marc R. Michaud, La. Bar No. 28962 (T.A.)
19810 West Catawba Avenue                                       Brittany K. Sloan, La. Bar No. 34617
Cornelius, NC 28031                                             400 Poydras St., Ste. 1680
704-892-5898                                                    New Orleans, LA 70130
                                                                (504) 527-5400